UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

| | |
|---|---|
| POE FINANCIAL GROUP, INC. | Case No. 06-bk-04288-CPM |
| POE INSURANCE MANAGERS, LLC | Case No. 06-bk-04292-CPM |
| POE & ASSOCIATES, LLC | Case No. 06-bk-04294-CPM |
| MARIAH CLAIMS SERVICES LLC, | Case No. 06-bk-04296-CPM |

    Debtor,
_____/
THE FLORIDA DEPARTMENT OF FINANCIAL
SERVICES, as Receiver for SOUTHERN FAMILY
INSURANCE COMPANY, ATLANTIC PREFERRED
INSURANCE COMPANY, and FLORIDA PREFERRED
INSURANCE COMPANY, and LARRY S. HYMAN,
THE LIQUIDATING TRUSTEE FOR POE INSURANCE
MANAGERS, LLC.,

    Appellant/Defendant.

vs.                                                Case No. 8:09-cv-02530-EAK

WILLIAM F. POE, SR., individually and as Trustee of the
Charles E. Poe Trust and the William F. Poe Foundation et. al.

    Appellees/Plaintiffs.

_____/

## ORDER ON MOTION TO DISMISS APPEAL

This cause comes before the Court on Appellees/Plaintiffs' (hereafter Plaintiffs) Motion to Dismiss Appeal, (Dkt. 18), filed January 19, 2010. For the reasons set forth below, the motion is **GRANTED**.

## BACKGROUND

On August 21, 2009, Plaintiffs filed a multi-count Complaint seeking declaratory relief against the Florida Department of Financial Services (DFS) and the Liquidating Trustee for Poe Insurance Managers, LLC (Liquidating Trustee). Plaintiffs requested the bankruptcy court to (1) declare and enforce its jurisdiction over rights DFS claims with respect to fees and commissions respectively of PIM and PAA (two debtors captioned above) (2) declare and enforce the automatic stay and issue injunctions against DFS continuing to assert the same claims before a state court and (3) adjudicate claims of DFS in respect to fees and commissions of PIM and PAA.

On September 3, 2009, DFS filed a Motion for Sanctions against the Plaintiffs in a state court action. On September 4, 2009, Plaintiffs filed an Emergency Motion for Order to Show Cause Why the DFS Should Not be Held in Contempt and Request for Further Relief before the bankruptcy court.

The bankruptcy judge denied the Motion for Order to Show Cause. On November 9, 2009, DFS filed its Notice of Appeal. DFS was not appealing the denial of the Motion for Order to Show Cause, but was appealing it to the extent the findings incorporated into the Order are part of the bankruptcy court's ruling.

## **DISCUSSION**

Pursuant to 28 U.S.C. § 158(a)(3), a party may appeal to a district court with leave of that court from any interlocutory bankruptcy court order that is not appealable as a matter of right. The Denial Order is an interlocutory order that is not appealable as a matter of right. In the instant case, DFS has not filed for a motion for leave to appeal. Even if this Court deems the Notice of Appeal to be a motion for leave to appeal, DFS' appeal still fails.

District courts have discretionary jurisdiction to hear appeals from interlocutory orders and decrees of bankruptcy judges. 28 U.S.C. § 158(a). In determining whether to exercise this discretionary authority, a district court will look to the standards which govern interlocutory appeals from the district court to the court of appeals pursuant to 28 U.S.C. § 1292(b). *In re Celotex Corp.*, 187 B.R. 746, 749 (M.D. Fla. 1995); *In re Charter Co.*, 778 F.2d 617, 620 (11th Cir. 1985). Under these standards, a court will permit an interlocutory appeal of an order if (1) the order presents a controlling question of law (2) over which there is substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *Scarfia v. Holiday Bank,* 129 B.R. 671 (M.D. Fla. 1990).

DFS submitted no arguments relevant to any of the elements they must prove under § 1292(b) in order to convince this Court to exercise its discretionary jurisdiction under 28 U.S.C. § 158(a). Because the court has been not been convinced of any of these requirements, the Court declines to exercise its discretionary jurisdiction under 28 U.S.C. § 158(a).

## **CONCLUSION**

As a result, this Court denies Plaintiff's Motion to Dismiss Appeal because DFS have failed to establish that the present appeal meets the requirements for granting interlocutory appeal under 28 U.S.C. § 1292(b). Accordingly, it is:

**ORDERED** that Plaintiff's Motion to Dismiss Appeal be **GRANTED.** The Clerk of Court shall enter a final judgment of dismissal and this case shall be returned to the bankruptcy court.

**DONE AND ORDERED** in Chambers, in Tampa, Florida on this 14th day of April, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies To: All Parties and Counsel of Record.