UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

POE FINANCIAL GROUP, INC.     Case No. 06-bk-04288-CPM
POE INSURANCE MANAGERS,LLC     Case No. 06-bk-04292-CPM
POE & ASSOCIATES, LLC    Case No. 06-bk-04294-CPM
MARIAH CLAIMS SERVICES LLC,     Case No. 06-bk-04296-CPM

    Debtor,
_____/
THE FLORIDA DEPARTMENT OF FINANCIAL
SERVICES, as Receiver for SOUTHERN FAMILY
INSURANCE COMPANY, ATLANTIC PREFERRED
INSURANCE COMPANY, and FLORIDA PREFERRED
INSURANCE COMPANY, and LARRY S. HYMAN,
THE LIQUIDATING TRUSTEE FOR POE INSURANCE
MANAGERS, LLC.,

    Appellant/Defendant.

vs.                                          Case No. 8:09-cv-02530-EAK

WILLIAM F. POE, SR., individually and as Trustee of the
Charles E. Poe Trust and the William F. Poe Foundation, et. al.

    Appelles/Plaintiffs.

_____/

## ORDER ON MOTION FOR RECONSIDERATION

This cause comes before the Court on Appellant/Defendants' (hereafter Defendants) Motion for Reconsideration, filed April 28, 2010 (Dkt. 30), and Appellee/Plaintiff's response thereto filed May 7, 2010 (Dkt. 31). For the reasons set fourth below, Defendant's motion is **DENIED**.

**BACKGROUND**

On August 21, 2009, Plaintiffs filed a multi-count Complaint seeking declaratory relief against the Florida Department of Financial Services (DFS) and the Liquidating Trustee for Poe Insurance Managers, LLC (Liquidating Trustee). Plaintiffs requested the bankruptcy court to: (1) declare and enforce its jurisdiction over rights DFS claims with respect to fees and commissions respectively of PIM and PAA (two debtors captioned above), (2) declare and enforce the automatic stay and issue injunctions against DFS continuing to assert the same claims before a state court, and (3) adjudicate claims of DFS in respect to fees and commissions of PIM and PAA.

On September 3, 2009, DFS filed a Motion for Sanctions against the Plaintiffs in a state court action. On September 4, 2009, Plaintiffs filed an Emergency Motion for Order to Show Cause Why the DFS Should Not be Held in Contempt and Request for Further Relief before the bankruptcy court.

The bankruptcy judge denied the Motion for Order to Show Cause. On November 9, 2009, DFS filed its Notice of Appeal. DFS was not appealing the denial of the Motion for Order to Show Cause, but was appealing it to the extent the findings incorporated into the Order are part of the bankruptcy court's ruling.

In an Order (Dkt. 27) on April 14, 2010, the Court granted Plaintiff's Motion to Dismiss Appeal. The Court determined that DFS had failed to establish the present appeal met the requirements for granting interlocutory appeal under 28 U.S.C. § 1292(b) and declined to exercise discretionary jurisdiction under 28 U.S.C. § 158(a).

## STANDARD OF REVIEW

The proper standard of review when considering a motion to reconsider is explained in *Prudential Securities, Inc v. Emerson,* 919 F.Supp 415,417 (M.D. Fla 1996). This Court will not amend a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Id.* at 417 (quoting *American Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237,1239 (11th Cir. 1985)). Furthermore, motions for reconsideration are not to be used "to raise arguments, which could and should have been made earlier." *Id.* (quoting *Lussier v. Dugger*, 904 F.2d 661,667 (11th Cir. 1990)). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Ludwig v. Liberty Mutual Fire Ins. Co.*, 2005 U.S. Dist. LEXIS 37718, 2005 WL 1053691 (citing *Lamar Advertising of Mobile, Inc., v. City or Lakeland, Fla.,* 189 F.R.D. 480,489 (M.D. Fla. 1999)).

## DISCUSSION

Although the district courts are given substantial discretion in ruling on motions for reconsideration, *Mackin v. City of Boston*, 969 F.2d 1273, 1279 (1st Cir. 1992), this Court has identified three major grounds justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Sussman v Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (referencing *Decker Coal Co. v. Hartman*, 760 F.Supp 745,750 (D. Montana 1998)). Defendant fails to state which ground justifies granting its motion for reconsideration. Therefore, this Court will evaluate each justification to determine if reconsideration is appropriate.

Defendant's motion fails to cite new and controlling law or the need to correct clear error or prevent manifest injustice. Thus, these justifications cannot be the grounds for reconsideration. However, the defendant contends that the court overlooked its arguments pursuant to discretionary jurisdiction submitted within The Florida Department of Financial Services as Receiver's Response to Plaintiff's Answer to Notice of Appeal or in the alternate Motion to Dismiss Appeal (Dkt. 13) filed January 13, 2010.

In this case, it is not this Court's duty or responsibility to look for and uncover any argument that may be made. Such arguments should have been brought to light in response to the Motion to Dismiss Appeal (Dkt. 18) filed January 19, 2010. Thus, this Court does not consider such arguments, and, therefore, DFS has failed to convince this Court of any of the above mentioned reasons for reconsideration. Furthermore, even if this Court had considered such arguments, the elements set fourth in 28 U.S.C. § 1292(b) would not have been met.

In this case, DFS cannot establish any of the elements required under 28 U.S.C. 1292(b) for an interlocutory appeal. An interlocutory appeal is proper if: (1) the order involves a controlling question of law; (2) there are substantial grounds for a difference of opinion; and (3) an immediate appeal would materially advance the ultimate termination of the litigation. U.S.C. § 1292(b). *In re Celotex Corp.*, 187 B.R. 746,749 (M.D. Fla.1995). Appellants must satisfy all three elements of the standard before a district court can grant leave to appeal. *Id.*

DFS did not establish that this appeal presents a controlling question of law. An issue is characterized as a controlling question of law if it deals with a question of pure law, or matters that can be decided quickly and cleanly without having to study the record. *Figueroa v. Wells Fargo Bank, N.A.*, 382 B.R. 814,824 (S.D. Fla. 2007) (*citing McFarlin v. Conseco Services.*,

LLC 381 F.3d 1251, 1258, 1260-61 (11th Cir. 2004)). Where the issues presented involve application of the facts to the law, the movant cannot prove there is a controlling question of law. *McFarlin*, 381 F.3d at 1259.

In this case, the appeal does not present a controlling question of law. To decide on the issue of subject matter jurisdiction this Court would have to analyze the record, and decide the rights of individual parties. Doing this would not be quick and clean. Accordingly, the issue does not present a controlling issue of law.

DFS failed to establish that there are substantial grounds for a difference of opinion between courts. For there to be a substantial difference the appellant must show that at least two courts interpreted the legal principle differently. *Colonial Bank v. Freeman,* 335 B.R. 910,922 (S.D. Fla. 2005). DFS claim involves whether a bankruptcy court may exercise subject matter jurisdiction over an insurers insolvency case already pending in state court. DFS has failed to identify any cases where courts have interpreted this issue. DFS has also failed to show any difference of interpretation on this issue. Therefore, this element is not met.

Finally, DFS did not establish that an immediate appeal would materially advance the ultimate termination of the litigation. The continuing exercise of jurisdiction by the bankruptcy court will only further the timely progression towards an ultimate resolution. This element is not met by DFS.

## CONCLUSION

As a result, this Court denies Defendant's Motion for Reconsideration because DFS failed to establish any of the three grounds identified by this Court for reconsideration, and further has not convinced this Court to exercise discretionary jurisdiction under 28 U.S.C. § 158(a). Accordingly, it is:

**ORDERED** that Defendant's Motion for Reconsideration is **DENIED**. The Clerk of Court shall return this case to the bankruptcy court.

**DONE AND ORDERED** in Chambers, in Tampa, Florida on this day of June 16th, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies To: All Parties and Counsel of Record